**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Thomas Miller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 3657 |
| | ) | |
| Regional Adjustment Bureau, Inc., a | ) | |
| Tennessee corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Thomas Miller, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Thomas Miller ("Miller"), is a citizen of the State of Idaho, from

whom Defendant attempted to collect a delinquent consumer debt owed for a US Bank

account, despite the fact that he was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Regional Adjustment Bureau, Inc. ("RAB"), is a Tennessee corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant RAB operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant RAB was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant RAB is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, RAB conducts business in Illinois.

6.      Moreover, Defendant RAB is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, RAB acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.      Mr. Miller is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a US Bank account.  When RAB began trying to collect this debt from Mr. Miller, via an initial collection letter dated, April 10, 2011, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant RAB's collection actions.   A copy of this collection letter is attached as Exhibit C.

8.      Accordingly, on April 20, 2011 and April 28, 2011, one of Mr. Miller's attorneys at LASPD informed RAB, in writing, that Mr. Miller was represented by counsel, and directed RAB to cease contacting him, and to cease all further collection

activities because Mr. Miller was forced, by his financial circumstances, to refuse to pay

his unsecured debt.  Copies of these letters and fax confirmations are attached as

Group Exhibit D.

9.      Nonetheless, Defendant RAB directly called Mr. Miller, including, but not

limited to, a telephone call on May 11, 201, from telephone number 800-829-7750, to

demand payment of the US Bank debt.

10.      Accordingly, on May 12, 2011, one of Mr. Miller's LASPD attorneys had to

write to Defendant RAB yet again to demand that it cease collection of the debt.  Copies

of this letter and fax confirmation are attached as Exhibit E.

11.      Defendant RAB's collection actions complained of herein occurred within

one year of the date of this Complaint.

12.      Defendant RAB's collection communications are to be interpreted under

the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd.

Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.      Here, the letters from Mr. Miller's, agent, LASPD, told Defendant RAB to

cease communications and cease collections (Group Exhibit D).  By continuing to

communicate regarding this debt and demanding payment, Defendant RAB violated §

1692c(c) of the FDCPA.

16.     Defendant RAB's violation of § 1692c(c) of the FDCPA renders it liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant RAB knew that Mr. Miller was represented by counsel in

connection with his debts because his attorneys at LASPD had informed Defendant, in

writing (Group Exhibit D), that he was represented by counsel, and had directed

Defendant RAB to cease directly communicating with him.  By directly calling Mr. Miller,

despite being advised that he was represented by counsel, Defendant RAB violated §

1692c(a)(2) of the FDCPA.

20.     Defendant RAB's violation of § 1692c(a)(2) of the FDCPA renders it liable

for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Thomas Miller, prays that this Court:

1.     Find that Defendant RAB's debt collection actions violated the FDCPA;

4

5

2.      Enter judgment in favor of Plaintiff Miller, and against Defendant RAB, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Thomas Miller, demands trial by jury.

Thomas Miller,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 31, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com